IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES ST. JOHN,
    Petitioner,

vs.                                      Case No. 3:10cv59/LAC/EMT

MICHAEL BABCOCK, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1). Warden Babcock filed a response (Doc. 16). Although Petitioner was provided an opportunity to file a reply (*see* Doc. 17), he declined to do so.

    Petitioner is a federal inmate who was sentenced on December 9, 2008, in the United States District Court for the Northern District of Illinois, to serve a 30-month term of imprisonment for wire fraud (Doc. 1 at 2, 7; Doc. 16 at 3).[1] Petitioner's full term release date is September 7, 2011; however, he is scheduled for release via good time credit on May 13, 2011 (Doc. 16 at 5).

    In the instant petition, Petitioner contends the staff at his current institution, the Federal Prison Camp in Pensacola, Florida ("FPC-Pensacola"), is failing to follow federal law with regard to placement of prisoners in Residential Reentry Centers ("RRC's") (Doc. 1 at 3, 7–39). Petitioner contends the Second Chance Act of 2007 amended 18 U.S.C. § 3624(c) to require the federal Bureau of Prisons ("BOP") to ensure that prisoners spend a portion of their imprisonment, not to exceed twelve (12) months, in a community correctional facility or under other conditions that will afford them a reasonable opportunity to adjust to and prepare for reentry in the community (*id.* at 8–9, Attach. 1). Second Chance Act of 2007, Pub. L. 110–199, 122 Stat. 657 (codified in scattered

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

sections of 18 and 42 U.S.C.). Petitioner contends the Second Chance Act requires the BOP to make individualized assessments as to the amount of time a prisoner should spend in an RRC; however, the staff at FPC-Pensacola is applying a policy of granting only six (6) months of RRC placement to prisoners sentenced to more than five (5) years of incarceration (*id.* at 15, 20). Petitioner states that as of the filing of the instant habeas petition, FPC-Pensacola staff has not made a decision regarding his request for RRC placement, but he anticipates his request for a twelve-month placement will be denied (*id.* at 16, 20). Petitioner contends the anticipated refusal of his request violates his due process rights and constitutes an abuse of discretion by the BOP (*id.* at 19–24).

Respondent contends the petition should be dismissed because Petitioner failed to exhaust his administrative remedies (Doc. 16 at 7). Respondent additionally contends the petition is not ripe because the BOP has not completed its consideration of Petitioner's request for RRC placement (*id.* at 8).

It is well established that prisoners must exhaust administrative remedies before habeas relief may be granted, including relief pursuant to § 2241. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). "Exhaustion of administrative remedies is jurisdictional" when a petition for writ of habeas corpus is brought pursuant to § 2241 for release from a federal prison. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (citing United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (requirement that prisoners exhaust administrative procedures prior to seeking relief in district court is jurisdictional)); United States v. Mitchell, 845 F.2d 951, 952–53 (11th Cir. 1988) (district court does not have jurisdiction to entertain petition seeking sentence credit until defendant has exhausted his administrative remedies; after final administrative decision, a dissatisfied prisoner may seek review of that decision) (citation omitted); *cf.* Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (Also jurisdictional is "[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted).

The BOP provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10–542.16. Initially, prisoners must seek resolution of issues through informal grievances. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b). An appeal may then be taken to the Regional Director. *Id.* at § 542.15. Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite.

Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief rather than doing so while a petition is pending; however, where the jurisdictional defect is cured during the pendency of the action, the court may review the merits of the claim. *See, e.g.,* Scott v. Singletary, 38 F.3d 1547, 1550 n.3 (11th Cir. 1994) (concluding that district court's denial of habeas petitioner's motion for relief from judgment denying his habeas corpus petition cured any jurisdictional defect which might have existed when he filed motion with appellate court to recall mandate in prior decision affirming denial of habeas petition, but cautioning petitioner that "[s]imilar procedural machinations will, in the future, be strictly scrutinized for compliance with basic jurisdictional norms."); Meagher v. Dugger, 737 F. Supp. 641, 643 (S.D. Fla. 1990) (holding that administrative remedies must be exhausted prior to seeking judicial review, not merely prior to district court's decision on the merits, but construing petitioner's "Notice of Supplementary Facts," in which petitioner indicated that he had completed administrative remedy process during pendency of district court case, as motion to amend jurisdictional allegations in petition, and permitting amendment).

In this case, Respondent submitted evidence that Petitioner filed only one formal administrative remedy at the institutional level regarding RRC placement and thus has not exhausted his administrative remedies (Doc. 16, Attach. 1, Declaration of Ruth Wombacher, Attach. 2, Inmate Request to Staff). Furthermore, Petitioner admits he has not properly exhausted his administrative remedies prior to filing suit (*see* Doc. 1 at 28–30); and he has not supplemented his petition with facts indicating that he completed the administrative remedy process during the pendency of this action. Therefore, this case is subject to dismissal for failure to exhaust.

Petitioner argues he should be excused from the exhaustion requirement because exhaustion would be futile, since BOP staff has predetermined the issue before it (Doc. 1 at 28–37). The court

does not find this argument to be well-taken. Although this district court has recognized that the § 2241 exhaustion requirement is judicially created, not statutory, and judicially created exhaustion requirements ordinarily are subject to narrow exceptions, including futility, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." Garcia v. Middlebrooks, No. 5:08cv165/RH/MD, 2008 WL 2775951, at *1 (N.D. Fla. July 12, 2008) (citing Jaimes v. United States, 168 Fed. Appx. 356, 359 (11th Cir. 2006) ("Given our precedent that the exhaustion requirement in § 2241 cases . . . is jurisdictional, whether he may even assert a futility exception to the requirement is questionable.") and Winck, 327 F.3d at 1300 n.1); *see also, e.g.*, Simeonov v. Federal Bureau of Prisons, No. 5:10cv75/MCR/AK, 2010 WL 1507020 (N.D. Fla. Apr. 13, 2010) (dismissing § 2241 petition, in which petitioner sought release to residential reentry center pursuant to Second Chance Act, for failure to exhaust administrative remedies and rejecting futility argument).

  Furthermore even if a futility exception were available, Petitioner has alleged no persuasive grounds for invoking it in this case. The fact that a favorable administrative remedy outcome is unlikely does not meet Petitioner's burden of establishing extraordinary circumstances justifying waiver of the exhaustion requirement. *See, e.g.*, Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994); Green v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim."); Portela-Gonzalez v. Secretary of the Navy, 109 F.3d 74, 78 (1st Cir. 1997) ("A pessimistic prediction or a hunch that further administrative proceedings will prove unproductive is not enough to sidetrack the exhaustion rule."); Gregson v. Middlebrooks, No. 5:08cv133/RS/MD (N.D. Fla. Sept. 10, 2008) (adopting recommendation for dismissal for failure to exhaust and rejecting argument that a likely unfavorable administrative outcome justifies waiver); Tankersley v. Fisher, No. 3:09cv22/MCR/MD, 2009 WL 2579385 (N.D. Fla. Aug. 17, 2009) (adopting recommendation for dismissal for failure to exhaust and finding no sound reason for excusing failure to exhaust).

  It is obvious from the pleadings and exhibits that Petitioner failed to exhaust his administrative remedies prior to filing this habeas action. This failing operates as a jurisdictional

bar that precludes the district court's consideration of the merits of the petition. For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to pursue his administrative remedies. Krist v. Eichenlaub, No. 5:09cv143/RS/MD, 2009 WL 4397225 (N.D. Fla. Dec. 2, 2009) (adopting recommendation for dismissal without prejudice for petitioner's failure to exhaust); Soler v. Bauknecht, No. 3:04cv209/RV/MD, 2005 WL 2372803 (N.D. Fla. Sept. 26, 2005) (adopting recommendation that court is without jurisdiction to consider unexhausted claims).

Accordingly it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED without prejudice**, as this court does not have jurisdiction to consider the merits of Petitioner's claim due to his failure to exhaust his administrative remedies prior to filing suit.

At Pensacola, Florida this 9th day of August 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**